IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

    Petitioner,                    No. CIV S-09-2375 DAD P

    vs.

JOHN MCGINNESS,                <u>ORDER AND</u>

    Respondent.           <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

        Petitioner, currently confined at the Sacramento County Main Jail, is proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PRELIMINARY SCREENING**

        A court entertaining an application for a writ of habeas corpus must award the writ or direct the respondent to show cause as to why the writ should not be granted, "unless it appears from the application that the applicant or the person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons discussed below, summary dismissal is appropriate in this case.

**BACKGROUND**

        On January 22, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus in this court. On that same date petitioner filed a motion for an evidentiary

1

hearing and a motion seeking a court order requiring the state court to provide the record to petitioner. (Doc. Nos. 4 and 5.) On March 3, 2009, petitioner filed with this court a notice of change of address, advising the court that he had been transferred from the Sacramento County Jail to the Napa State Hospital. Accordingly, on March 13, 2009, this court transferred the case to the United States District Court for the Northern District of California where petitioner was confined.

On April 27, 2009, the United States District Court for Northern District granted petitioner's application to proceed in forma pauperis and denied his motion for appointment of counsel. On June 15, 2009, petitioner filed a notice of change of address indicating that he had been transferred from Napa State Hospital to the Sacramento County Main Jail. On August 24, 2009, the Northern District transferred the case back to this court without screening the petition or ruling on petitioner's pending motions.

At the time petitioner filed the instant petition he was a pretrial detainee awaiting prosecution in Sacramento County Superior Court Case No. 07F09282. In his petition pending before this court, he asserts only two grounds for relief. First, petitioner claims that his arrest and pre-trial detention for failing to register as a sex offender are improperly based on a 1995 Placer County conviction that was subsequently invalidated. In this regard, according to petitioner, the United States Court of Appeals for the Ninth Circuit invalidated his 1995 conviction in <u>McNeely v. Blanas</u>, 336 F.3d 822 (9th Cir. 2003). Second, petitioner claims that his current arrest and pre-trial detention violated the Ninth Circuit's 2003 decision in his case and constitutes a double jeopardy violation as well as a violation of res judicata and collateral estoppel doctrines.

## ANALYSIS

The instant petition should be dismissed because there is no factual basis for petitioner's claims. As noted above, petitioner contends that the state arrested and confined him for failing to register as a sex offender based on his 1995 Placer County conviction. Petitioner
/////

asserts that the Ninth Circuit invalidated his 1995 conviction in its 2003 decision in <u>McNeely v. Blanas</u>. Petitioner, however, is mistaken.

Before the Ninth Circuit, petitioner had alleged that his continued confinement without a preliminary hearing or trial violated his right to a speedy trial. See <u>McNeely</u>, 336 F.3d 822. The facts underlying that case were as follows. On April 13, 1998, petitioner was arrested and charged two days later in the Sacramento County Municipal and Superior Court with lewd and lascivious conduct upon a child under the age of 14 and failing to register as sex offender. <u>Id.</u> at 824. In June of 2000, petitioner filed a petition for writ of habeas corpus in this court challenging the delay in his state court criminal proceedings. <u>Id.</u> at 824-25. The assigned district judge ultimately dismissed the petition. <u>Id.</u> at 826. On appeal from that dismissal, the Ninth Circuit held that a pretrial delay in state court of more than five years violated petitioner's Sixth Amendment right to a speedy trial and ordered his immediate release from custody with prejudice to re-prosecution of the criminal charges then pending against petitioner in state court. <u>Id.</u> at 826-32.

In its opinion, the Ninth Circuit did not address, let alone invalidate, petitioner's underlying 1995 Placer County conviction.[1] Nor did the Ninth Circuit suggest in any way that the state was forever barred from prosecuting petitioner for failure to register as a sex offender based on his 1995 Placer County Superior Court conviction. The undersigned notes that the most recent felony complaint filed against petitioner in Sacramento County Superior Court Case No. 07F09282 alleges that he violated state law in 2006 and 2007 by failing to register as a sex offender in violation of California Penal Code § 290. Nowhere does that complaint mention the state's charges brought against petitioner in 1998 that were dismissed by the Ninth Circuit in 2003. The charges brought against petitioner with respect to his failure to register in 2006 and

---

[1] On March 25, 1994, petitioner pled guilty in the Placer County Superior Court to continuous sexual abuse in violation of California Penal Code § 288.5. On August 25, 1995, the court sentenced petitioner to five years probation. See Case No. CIV S-00-1358 DFL PAN P (Order Filed Jan. 29, 2004 at 2).

2007 as required by his 1995 conviction in the Placer County Superior Court are new charges, distinct from the 1998 dismissed charges. Accordingly, petitioner's claims set forth in the pending petition are without any factual basis.[2]

The court also notes that it has reviewed the docket in Sacramento County Superior Court Case No. 07F09282. According to the docket, on August 20, 2009, a jury found petitioner guilty on both felony counts of violating California Penal Code §§ 290(G)(2) and 290.018(B). To the extent that petitioner seeks to challenge those conviction, petitioner is advised that he must first exhaust state judicial remedies. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

## OTHER MATTERS

Also pending before the court are petitioner's motion for an evidentiary hearing, motion for a court order requiring the state to provide him and this court with state court records to determine the validity of his arrest, a motion for summary judgment in his favor on his claims, and a motion for his immediate release. All of petitioner's motions are based on the premise that

---

[2] The court's own records reveal that on January 25, 2008, petitioner filed a similar application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this court in Case No. CIV S-08-0175 LEW JFM. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of court records). Therein, petitioner also claimed that he should not be required to register as a sex offender in light of the Ninth Circuit's 2003 decision in McNeely v. Blanas. Petitioner again argued in that habeas action that the state prosecution against him in Sacramento County Superior Court Case No. 07F09282 violated the Double Jeopardy Clause. On March 7, 2008, the assigned magistrate judge issued findings and recommendations, recommending that the action, CIV S-08-0175 LEW JFM, be dismissed. The magistrate judge explained that, in McNeely, the Ninth Circuit had addressed the charges brought against petitioner in Sacramento County in 1998. In contrast, in Sacramento County Superior Court Case No. 07F09282, petitioner was being charged with failing to register as a sex offender in 2006 and 2007 as required by his 1995 conviction in the Placer County Superior Court. The magistrate judge rejected petitioner's double jeopardy claim, observing that the charges of failing to register in 2006 and 2007 were new and distinct offenses from both his underlying 1995 conviction and the dismissed 1998 charges. On April 4, 2008, the assigned district judge adopted those findings and recommendations in full and entered judgment. On November 3, 2008, the Ninth Circuit affirmed the decision of the district court dismissing that petition.

his arrest and custody are in violation of the Ninth Circuit's decision in <u>McNeely v. Blanas</u>. For the reasons discussed above, the decision in <u>McNeely v. Blanas</u> has no bearing on this action. Accordingly, the undersigned will recommend that all of petitioner's pending motions be denied as moot.

### CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (Doc. No. 1) be dismissed;

2. Petitioner's motions (Doc. Nos. 4, 5, 13 & 18) be denied as moot; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 1, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mcne2375.156