IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

      Petitioner,                         No. CIV S-09-2375 JAM DAD P

    vs.

JOHN MCGINNESS,

      Respondent.                     <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se. On September 1, 2009, the assigned magistrate judge in this case issued findings and recommendations, recommending dismissal of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that there was no factual basis for petitioner's claims. On October 16, 2009, the undersigned adopted the findings and recommendations in full, dismissed petitioner's § 2241 petition, and denied petitioner's miscellaneous motions as moot. The court entered judgment on the same day. Pending before the court is petitioner's "motion for a new trial" pursuant to Rule 59 of the Federal Rules of Civil Procedure.

        In his pending motion, petitioner argues that the court lacked jurisdiction to decide his case because he had named John McGinness as the respondent. In this regard, petitioner explains that he was transferred from the Sacramento County Main Jail to Deuel

1

1  Vocational Institution before the court issued its order dismissing the case, so that Warden S.M.
2  Salinas should have been named as the proper respondent.  Petitioner also argues that he has
3  demonstrated that he is a crime victim and that federal law requires the court to decide the
4  motion accompanying his § 2241 petition asserting his rights as a crime victim.
5  Rule 59(a) of the Federal Rules of Civil Procedure allows a court to grant a new
6  trial after a jury trial or a nonjury trial.  However, no trial took place in this case.  Accordingly,
7  the court has construed petitioner's motion as a motion to alter or amend the judgment brought
8  pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Turning to the merits of
9  petitioner's motion, the court notes first that it had jurisdiction over petitioner's action at the time
10 it was dismissed.  At most, the court lacked personal jurisdiction over petitioner's new custodian.
11 See Smith v. Idaho, 392 F.3d 350, 352-53 & 355 (9th Cir. 1994).  However, since there is no
12 factual basis for the claims presented by petitioner, re-opening the case to allow petitioner to
13 amend his petition to name his current custodian would be futile.  Finally, although petitioner
14 clearly disagrees with the court's order dismissing this action, he has not set forth any legitimate
15 grounds for the court to grant him relief under Rule 59.  See School Dist. No. 1J, Multnomah
16 County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (describing grounds for relief
17 under Rule 59(e)).  Accordingly, the court will deny petitioner's Rule 59 motion.
18 Accordingly, IT IS HEREBY ORDERED that petitioner's October 27, 2009
19 motion for a new trial (Doc. No. 29) is denied.
20 DATED:   January 4, 2010

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE